UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:14-cr-61-T-36TGW

ROSARIO RIVERA
_____/

**ORDER**

This matter comes before the Court upon the Defendant's Motion to Suppress Evidence (Doc. 22). The Government filed a response in opposition to the motion (Doc. 33). An evidentiary hearing was held on October 9, 2014, at which Deputy Tylor Lenzmeier testified. The Court, having considered the motion, testimony, evidence, and argument of counsel, will deny Defendant's Motion to Suppress Evidence.

**I.  Findings of Fact[1]**

On October 17, 2013, members of the Hillsborough County Sheriff's Office ("HCSO") were attempting to locate Mr. Rosario Rivera on an active arrest warrant issued for aggravated battery with a deadly weapon (firearm) occurring on October 2, 2013. Doc. 22-2 at p. 5, 15, 46. The victim of the October 2nd incident, Mr. Rivera's girlfriend, told HCSO Deputy Lenzmeier that she believed Mr. Rivera was staying with his sister and that he took his gun with him. After determining the sister's address, HCSO began surveillance of that location. On October 17, 2013 HCSO deputies saw an adult male leave the home in a vehicle. The vehicle was pulled over by HCSO deputies who determined that the driver was Mr. Rivera's sister's significant other. The driver told the deputies that Mr. Rivera would be returning to the house at approximately 8:00 p.m.

---

[1] These findings of fact are derived from deposition testimony and the evidence and testimony adduced at the evidentiary hearing.

in a gold Honda Accord with an individual known only as "Pantera." Doc. 22-2 at p. 5, 24, 46. Just after 8:30 p.m. HCSO deputies observed a Honda Accord pull into the driveway of the home. The car matched the description given to deputies earlier by Mr. Rivera's sister's significant other.

Deputy Kearn was parked across the street and slightly to the east of the home when he saw Mr. Rivera step out of the passenger side of the Accord, walk around to the back of the car, and begin to remove a backpack from the trunk. Doc. 22-2 at p. 5-6. Deputy Clark drove his car up onto the lawn, visually identified Mr. Rivera, and called him by his first name. Doc. 22-2 at p. 6. Mr. Rivera responded that he was "David Gonzalez." Doc. 22-2 at p. 6. Mr. Rivera then threw the backpack back into the trunk and began to walk away from the Honda toward the residence. Mr. Rivera was not yet inside the house when deputies arrested him.

Reports reflect that meanwhile, Deputy Lopez pulled the driver, later identified as George Kuokos, from the car. Doc. 22-2 at p. 32. Kuokos was patted down for weapons and arrested for illegal drugs found on his person. After the two men were handcuffed and placed in a patrol car the Accord was searched. Inside the trunk a backpack was located and opened. Inside the backpack was a red zippered bag, which was also opened and found to contain a Harrington & Richardson, model 733, .32 caliber revolver and two (2) rounds of Winchester .32 caliber ammunition. Doc. 22-2 at p. 47. Also in the backpack were items displaying Mr. Rivera's name (an Amscot letter addressed to Mr. Rivera and an Access Florida EBT card displaying Mr. Rivera's name). Doc. 22-2 at p. 47. Mr. Rivera now asks this Court to declare the search of his backpack unlawful and to suppress any evidence found in that backpack.

**II.    Legal Analysis**

    *A. Did Defendant have a reasonable expectation of privacy in the backpack?*

    The threshold inquiry in a Fourth Amendment challenge is whether the challenger has a legitimate expectation of privacy in the invaded place. *Id.* A defendant may seek to exclude evidence seized as a result of an unconstitutional search or seizure

> only if the challenged search or seizure violated his own Fourth Amendment rights. *Id.* at 133-34.
>
> . . . "A legitimate expectation of privacy [must] be proven by factors beyond mere possession, such as a right to exclude or a right to privacy." *United States v. Espinosa-Orlando*, 704 F.2d 507, 512 (11th Cir.1983) (citing *Rakas v. Illinois,* 439 U.S. at 143-44 & n. 12).

*United States v. Pressley,* Case No. 08-80033-Cr-Hurley/Vitunac, 2008 WL 4821629, 3 (S.D. Fla. Oct. 15, 2008).

Here, the Government argues that Defendant (1) did not have a reasonable expectation of privacy with regard to the backpack that he abandoned; and (2) law enforcement had probable cause to search the backpack within the trunk for evidence of the aggravated battery offense. Defendant asserts that he had a reasonable expectation of privacy in the backpack and its contents and did not abandon it. Doc. 22 at p. 3.

> Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts. All relevant circumstances existing at the time of the alleged abandonment should be considered. . . . The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.

*United States v. Colbert,* 474 F.2d 174, 176 (5th Cir. 1973) (internal citations omitted).

Defendant bears the initial burden of establishing that he had a reasonable expectation of privacy in the backpack. *See United States v. Harris,* 526 F.3d 1334, 1338 (11th Cir. 2008). In this case, Defendant offers no factual evidence to support his claim of a reasonable expectation of privacy. He concedes that he did not have a reasonable expectation of privacy with regard to the car, but argues his expectation of privacy was reasonable regarding the backpack that was in the trunk of the car. Defendant's argument is unconvincing. The vehicle did not belong to Defendant, and he left the backpack in the vehicle Mr. Kuokos was driving when he attempted to enter the

house, prior to being arrested. If Mr. Kuokos had not been arrested, he could have driven away with the backpack in his trunk. "Regarding passengers in a private car, the Court has held that a passenger, who has no possessory interest in the automobile, does not have a legitimate expectation of privacy in the interior of the automobile because he does not have the right to exclude others from the car." *Id.* at 1339 (citing *Rakas v. Illinois*, 439 U.S. 128, 140, 143 n.12, 148 (1978)).

The cases relied upon by Defendant do not support his assertion of a reasonable expectation of privacy. For example, *Smith v. Ohio*, 494 U.S. 541 (1990) presented the following facts:

> On a June evening, as petitioner and a companion exited a private residence and entered the parking lot of a YMCA, they were approached by two plainclothes officers of the Ashland, Ohio, Police Department. The officers were driving in an unmarked police vehicle. Petitioner was carrying a brown paper grocery bag with the words "Kash 'n Karry" and "Loaded with Low Prices" printed on the outside in a manner that the officers later described as "gingerly." Neither officer knew petitioner or his companion. One of the two officers, Officer Thomas, exited the vehicle and, without identifying himself, asked petitioner to "'come here a minute.'" 45 Ohio St. 3d 255, 256, 544 N. E. 2d 239, 240 (1989). Petitioner did not respond and kept walking. When Officer Thomas identified himself as a police officer, petitioner "threw the sack he was carrying onto the hood of [his] car and turned to face Thomas who was approaching." *Ibid.* Officer Thomas asked petitioner what the bag contained; petitioner did not respond; Officer Thomas then rebuffed petitioner's attempt to protect the bag, pushed petitioner's hand away, and opened the bag. The drug paraphernalia discovered within provided probable cause for the arrest and evidence sufficient to support petitioner's conviction for drug abuse.

*Id.* at 541-542. The *Smith* Court held that the exception for searches incident to arrest permitted police to search a lawfully arrested person and areas within his immediate control but did not permit them to search a citizen without a warrant or probable cause so long as an arrest immediately followed. *Id.* at 542. The court also noted

> The State . . . contends that petitioner abandoned the bag when he threw it on his car and turned to face Officer Thomas. *See Abel v. United States*, 362 U.S. 217, 241 (1960); *Hester v. United States*, 265 U.S. 57, 58 (1924). That argument was unanimously rejected by the Ohio Supreme Court, and we have no reason to disturb its conclusion. As the state court properly recognized, a citizen who attempts to protect his private property from inspection, after throwing it on a

4

> car to respond to a police officer's inquiry, clearly has not abandoned that property. *Cf. Rios v. United States*, 364 U.S. 253, 262, n. 6 (1960).

*Id.* at 543 (record citations omitted). Defendant argues that he was attempting to protect his private property from inspection by leaving it in the trunk of another person's car. The evidence here does not support this argument. This case is easily distinguished from *Smith* because here the officers had a warrant for Defendant's arrest before they searched the backpack, and the backpack was not on the hood of Defendant's car with Defendant standing right next to it. Instead, Defendant threw the backpack in the trunk of the car and walked away from the backpack, leaving it in someone else's car. Had the car been driven away Mr. Kuokos could have given anyone access to it, including law enforcement. *See United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998) ("A passenger usually lacks a privacy interest in a vehicle that the passenger neither owns nor rents").

Defendant next relies on a footnote in *Rios v. United States* which says: "A passenger who lets a package drop to the floor of the taxicab in which he is riding can hardly be said to have 'abandoned' it. An occupied taxicab is not to be compared to an open field or a vacated hotel room." 364 U.S. 253, 262 (1960) (internal citations omitted). However, Defendant did not simply drop a package to the floor of an occupied vehicle. He threw the backpack in the trunk of a car he was no longer riding in and walked away, clearly intending that the driver leave with the backpack.

The evidence establishes that Defendant abandoned the backpack. The Defendant dropped the backpack like a "hot potato" and made every effort to distance himself from it, including giving a false name to police which would have further disassociated him from the backpack, which contained items addressed to and belonging to Rosario Rivera. Even if the Defendant hoped to recover the backpack later it would still be considered abandoned. *United States v. Falsey,* 566 F. App'x 864, 867 (11th Cir. 2014) (quoting *United States v. Williams,* 569 F.2d 823, 826 (5th Cir.

5

1978)) (the defendant's behavior "'was just like the bank robber who having a gun, finds himself pursued, and in his hope of escaping detection throws the gun into a yard where, if it is not picked up he might retrieve it later. Such conduct is transparently an abandonment of the tight grip of ownership and reliance solely on the feeble hope of re-acquisition.'"). *See also United States v. Bush*, 623 F.2d 388, 391 (5th Cir. 1980) (abandonment, and the loss of any legitimate expectation of privacy, found when a defendant who was holding a paper bag with cocaine, dropped the bag to the ground and took off running when he was approached by DEA agents); *United States v. Walker,* 199 F. App'x 884, 886 (11th Cir. 2006) (an inference can be drawn that when a defendant knew the authorities were after him, he did not plan to return for abandoned contraband).

### B. *Was there probable cause to search the backpack?*

Even if Defendant had a reasonable expectation of privacy in the backpack, under *California v. Acevedo,* 500 U.S. 565, 580 (1991), "[t]he police may [also] search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." This search extends to any part of the vehicle, including the trunk. *Id.* at 566. Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in the vehicle under the totality of the circumstances. *United States v. Tamari,* 454 F.3d 1259, 1264 (11th Cir. 2006).

The deputies had a warrant to arrest Defendant for a crime involving a firearm which, according to his girlfriend, he took with him when he left her home. Upon conducting a background investigation on Defendant, prior to the surveillance on October 17, 2014, deputies learned that Defendant was a convicted felon. Because Defendant was a convicted felon, mere possession of the firearm was a criminal act. At least one deputy saw Defendant getting the backpack out of his friend's trunk and then throwing it back in when the police made their presence known. Deputies

knew that Defendant was mobile, as he did not have a residence of his own but was staying either with his girlfriend or at his sister's home. The backpack was large enough to contain a firearm. Further, no firearm was found on Defendant after he was arrested. Considering the totality of the circumstances, the deputies had probable cause to believe the firearm may be in the backpack. Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Suppress Evidence (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 17, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any